Filed 8/18/20  P. v. Norris CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAYFORD CHRISTIAN NORRIS,<br><br>    Defendant and Appellant. | G057962<br><br>(Super. Ct. No. 19CF1175)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kathleen E. Roberts, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Rayford Christian Norris pleaded guilty to commercial burglary and grand theft. He also admitted one strike prior (Pen. Code §§ 667, subds. (d) & (e)(2)(A) for a robbery conviction, and seven prison priors (§ 667.5, subd. (b)(1), including one for the robbery prior. The court sentenced him to four years in prison.

Defendant argues he received ineffective assistance of counsel by being advised to admit a facially invalid strike prior.[1] He asserts the robbery strike prior is invalid because the charging document and his plea form incorrectly identified the court in which he suffered that conviction. We disagree and affirm.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In May 2019, defendant was charged with felony grand theft and commercial burglary. The complaint also alleged defendant had two strike priors, one for robbery and one for assault with a deadly weapon, and nine prison priors. The complaint correctly stated defendant was convicted of both strike priors on February 14, 2018, in case number BAF1601582,[2] but incorrectly stated the robbery conviction occurred in the United States District Court and the assault with a deadly weapon conviction occurred in Orange County Superior Court. Both strike convictions were listed among defendant's prison priors with the correct date of conviction and case number, and were correctly alleged to have occurred in Riverside County.

Defendant pleaded guilty to both of the charged offenses, admitted the robbery strike prior, and admitted seven of the prison priors, including the prison prior for the robbery. The plea form includes a page titled "ADMISSION OF PRIOR CONVICTIONS AND PRIOR PRISON TERMS" which listed the prior convictions defendant admitted as part of his plea, including their dates of conviction, case numbers,

---

[1] Defendant obtained a certificate of probable cause to appeal the legality of his guilty plea.

[2] This is a Riverside County Superior Court case number.

2

and charges. The list included the robbery conviction in case number BAF1601582 suffered on February 14, 2018, as a strike conviction suffered in "Fed'l Ct." and as a prior prison conviction suffered in Riverside County.

During the change of plea hearing, the court asked defendant "Sir, is it true that on February 14, 2018, in Federal Court, under case number 13AF1601582 [*sic*], you were convicted of a crime of 211, which is a robbery . . . which is a strike? Is that true?" Defendant answered, "Yes, ma'am." The court then addressed each prison prior, ending with: "And, finally, under -- well, on February 14, 2018, the one that you talked about earlier -- that I asked you about earlier, you've already admitted it, and I told you it was alleged, the Federal Court one, as a strike, it's also alleged as a prison prior, just to let you know." The court sentenced defendant to four years in state prison (midterm of two years for burglary doubled because of the robbery strike prior), and struck all seven prison priors for the purpose of sentencing. [3]

## DISCUSSION

Defendant argues he received ineffective assistance of counsel because his attorney advised him to admit to a facially invalid strike. Defendant does not challenge the accuracy of the date of conviction, case number, or charge for his robbery prior. Instead, he asserts the strike is invalid because the case number associated with the robbery is for a Riverside Superior Court case, and not a Federal Court case as indicated in the strike prior allegation in the complaint and on the plea form. [4] We are not persuaded and affirm the judgment.

---

[3] Neither the plea form nor the reporter's transcript address what happened with the alleged strike prior for assault with a deadly weapon. However, the court minutes state defendant "admits all priors" and the alleged strike for assault with a deadly weapon was "stricken for purpose of sentencing only."

[4] The Attorney General concedes defendant's prior conviction for robbery did not take place in Federal Court.

3

To establish ineffective assistance of counsel, defendant must prove his counsel's performance was deficient, and that his defense was prejudiced as a result of this deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) Ineffective assistance of counsel claims are "more appropriately made in a habeas corpus proceeding, in which the attorney has the opportunity to explain the reasons for his or her conduct." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.) Therefore, such claims must be rejected on direct appeal, unless "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Defendant argues the record affirmatively discloses counsel had no rational tactical purpose for failing to challenge the validity of the alleged robbery strike prior. **~(aob 10)~** We disagree. Defense counsel might have simply concluded the robbery strike alleged was valid because it correctly identified the case number, charge, and date of conviction. Or counsel might have concluded an objection would not change the outcome because the court of origin for the robbery conviction could be easily changed on the plea form and in the complaint. Or, given the very favorable disposition offered, counsel might have determined, and advised defendant, to admit the robbery strike, even if it was improperly alleged. In any event, because the record does not affirmatively disclose there could be no rational tactical purposes for counsel's failing to challenge the validity of the alleged robbery strike prior, defendant's claim must be rejected.

Further, even if defendant had received ineffective assistance of counsel, he has failed to demonstrate any resulting prejudice. As noted, defendant admitted he had suffered a prison prior for a robbery conviction out of Riverside County with the same case number and date of conviction as the strike prior, and he does not allege this prison prior was invalid. Therefore, even if counsel had objected to the validity of the strike prior, the complaint and plea form would very likely have been corrected.

4

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

5